THE STATE v. PETER CHURCHILL.

Decided February 9, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *Maurice J. Cronin.*

For the state, *J. Vincent Barnitt,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted on an indictment charging him and three others with the crime of robbery, in holding up one George Jackson and forcibly taking his watch and chain from him.

The first ground upon which we are asked to reverse the conviction is that the verdict against Churchill was against the weight of the evidence, the proofs not supporting the conclusion that he was a party to the holdup. Our examination of the proofs satisfies us that the jury was entirely justified in finding him guilty of the charge laid against him in the indictment.

The next contention is that the court erred in charging the jury as follows: "You may convict on all or each of the counts in the indictment." The argument is that this was error, because the court failed to instruct the jury that it might acquit the plaintiff in error on any or all of the counts. It is not suggested that the instruction was not proper so far as it went. If counsel had desired the court to speak with relation to the acquittal of the plaintiff in error on any or all of the counts, he should have requested such an instruction. This he did not do, as appears from an examination of the case.

We find nothing of merit in any other of the grounds for reversal.

The judgment under review will be affirmed.